UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK EATON, et al.,
     Plaintiffs,

vs.                                                    Case No.: 3:21cv251/MCR/EMT

THE BANK OF NEW YORK
MELLON,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Bank of New York Mellon (BoNYM) has moved for an order allowing attorneys' fees against Plaintiffs Mark and Suzanne Eaton (Eaton) (ECF No. 46).   The matter has been referred to the undersigned for purposes of preparing a Report and Recommendation.   After careful consideration, I recommend that the motion be granted.

## I.    SUMMARY OF BACKGROUND

The procedural background of this case is set out in the District Court's order granting BoNYM's motion to set aside default (ECF No. 44).   The matters leading up to the initial default obtained by Eaton, and the setting aside of that default with a specific directive to Eaton as to how to proceed, are central to disposition of the present motion.   The following procedural background is drawn from the District

Court's order and the pleadings docketed in the court's electronic record (ECF No. 44).

Eaton filed suit in Santa Rosa County Circuit Court alleging an earlier wrongful foreclosure action by BoNYM (ECF Nos. 1–1 at 6–18, 44 at 2). Eaton claimed entitlement to damages, *inter alia*, under Florida's Civil Remedies for Criminal Practices Act, Fla. Stat § 772.101, *et seq* (ECF Nos. 1–1 at 17, 44 at 2), also referred to as the civil theft statute. Eaton attempted service on CT Corporations System (CT), alleging that CT is the registered agent for BoNYM (ECF Nos. 1–1 at 21–25, 44 at 2). Eaton served an amended complaint on CT on November 2, 2020 (ECF Nos. 1–1 at 47, 44 at 2).

When BoNYM did not appear in state court, Eaton obtained a clerk's default, and then moved for summary judgment, based upon the default (ECF No. 44 at 28–29, 49–51). Subsequently, BoNYM appeared and moved to set aside the default, quash service, and preclude entry of judgment after default (*id.* at 59–85). BoNYM maintained the state court had no personal jurisdiction because CT is not the registered agent of BoNYM. BoNYM argued it is a New York corporation, and pointed out that the State of Florida's Corporations' directory lists no registered agent for BoNYM. In addition, BoNYM provided the affidavit of CT's Representation Services Advisor, stating that CT is not the registered agent for

BoNYM (*id*. at 94–99).   CT also provided correspondence to Eaton's lawyer, explaining expressly that CT is not the registered agent for BoNYM, and thus was unable to accept service or to forward the complaint to BoNYM (*id*.).

Shortly thereafter, BoNYM removed this case to federal court (ECF No. 1). Eaton moved for remand, claiming untimely removal, and argued that service on CT was sufficient, because BoNYM and the Bank of New York (an entity for which CT is listed as registered agent) are one and the same (ECF No. 4).   The District Court determined that it must resolve the sufficiency of service issue in order to decide whether removal was timely (ECF No. 44 at 6–12).   Citing other cases reaching an identical result as to BoNYM, the District Court ruled that CT is not the registered agent for BoNYM, and that BoNYM had not been served, thus rendering the removal timely.   For the same reason, the court quashed service and set aside the default.   Central to the present fee motion, the court's order provided, "Plaintiffs have thirty (30) days to properly effect service.   Absent proof of service filed on or before May 11, 2021, the case will be dismissed" (ECF No. 44 at 12).   On May 26, BoNYM moved for an order of fee entitlement (ECF No. 46).   This motion sets out matters that occurred before Eaton filed the underlying suit.

In 2014, BoNYM brought a foreclosure action against Eaton (ECF No. 46–1 at 2–4).    Eaton moved to dismiss and for summary judgment, and the state court denied both motions on January 16, 2016 (ECF No. 46–1 at 87–88).    Subsequently, the parties reached an agreement whereby Eaton agreed to satisfy the loan, and BoNYM dismissed the foreclosure action (ECF No. 46 at 2).    BoNYM recorded a release of its mortgage lien on October 3, 2019 (ECF No. 46–1 at 93).

Eaton filed the present action in state court on October 1, 2020 (ECF No. 1–1).    Eaton claimed the underlying, and now resolved, foreclosure had been "fraudulent, illegal, [and] perjurious" (ECF No. 1–1).    Based upon these allegations, Eaton sought damages under the Florida Civil Remedies for Criminal Practices Act.    Eaton also made a claim for slander of title (ECF No. 1–1 at 41–42).    The matters set out above concerning attempted service, removal, and setting aside of clerk's default ensued.    When, after the District Court's order, Eaton failed to serve BoNYM or to file a return of service within the time established by the order setting aside default, the court dismissed the action on May 14, 2021: "Accordingly, the case is DISMISSED without prejudice for the failure to effect service and failure to comply with the Court's Order. The Clerk is directed to close the file" (ECF No. 45).

Under Florida's Civil Remedies for Criminal Practices Act, upon which Eaton based its claims, a fee award is mandated where the plaintiff "raised a claim which was without substantial fact or legal support."   Fla. Stat. § 772.104(3). BoNYM advances several reasons to support its position that the case is over, and it is the winner.   Eaton responds, saying the court's dismissal was without prejudice, and thus not an adjudication on the merits (ECF No. 49).   In simple terms, Eaton says the case is not over, so BoNYM is not eligible for fees.   The parties declined the court's offer of an evidentiary hearing, and the matter was deemed submitted for decision as of August 26, 2021 (ECF No. 53).

## II.   ANALYSIS

A.   Fee Entitlement under § 772.104(3), Florida Statutes.[1]

As noted above, Florida's Civil Remedies for Criminal Practices Act mandates fees to a prevailing defendant where a plaintiff raises a claim without substantial fact or legal support.   In its successful motion to set aside the clerk's

---

[1] "The analysis to impose fees under section 772.104 is a difficult task. There is very little case law guiding the Court on the meaning of 'without substantial factual or legal support.' *Marcus v. Miller*, 663 So. 2d 1340, 1342 (Fla. 4th DCA 1995)."   *Colite Int'l, Inc. v. Robert L. Lipton, Inc.*, No. 05-60046-CIV, 2007 WL 9698300, at *5 (S.D. Fla. Mar. 13, 2007).   In preparing this Report and Recommendation, the undersigned acknowledges the risk that the Southern District's statement of "very little case law" may survive.

default, BoNYM set out the arguments upon which it now relies on the claim for fee entitlement (ECF No. 17).   BoNYM prevailed on its motion to set aside, largely because, as the district court found, Eaton had never served BoNYM (ECF No. 44 at 9).   In support of the motion, BoNYM advanced several arguments which closely track the arguments in favor of fee entitlement in this matter.   These arguments set forth BoNYM's defenses to Eaton's complaint.

The predicate for statutory fees is the lack of substantial fact or legal support for a claim made under the statute.   The test has been distinguished from Fla. Stat. § 57.105, the so-called frivolous suit standard.   "Clearly, the standard is less stringent under the civil theft statute."   *Bronson v. Bronson*, 685 So. 2d 994, 995 (Fla. 4th DCA 1997).   "The obvious intent of the [Florida] legislature in adopting this broader standard was to 'discourage civil theft claims lacking in legal or factual substance.'"   *Id.*

Recognizing that no finding has yet been made concerning lack of substantial fact or legal support, BoNYM bases its claim for fees on a contention that, despite the dismissal without prejudice, no successful claim under the Florida statute could possibly be raised (ECF No. 46).   Under the applicable standard, the undersigned must decide whether a suit filed to "test the water," perhaps in hopes of a default

judgment, and then allowed by Plaintiff to die on the vine, qualifies under Florida law for an award of fees.   Did the dismissal without prejudice, and allowing time for service of Defendant, ripen functionally into a dismissal with prejudice when Plaintiff declined to attempt service on Defendant?   Plaintiffs appear to claim that their case lingers in purgatory (apparently forever) (ECF No. 49 at 2, 4), while Defendant maintains that the failure to make an effort at service within the allotted time pushes the matter into that well-known (and from which no hope of escape exists) realm beyond purgatory, because any further claim would be barred (ECF No. 46).

First, BoNYM urges that the Eaton's statutory action is barred by the *ex post facto* clause (ECF No. 1–1 at 77–78).   Eaton explained that § 817.535, the specific statutory prohibition underlying Eaton's § 772.102 claim, was not enacted until October 2013 (ECF No. 1–1 at 77–78).   *See* Ch. 2013-228, §§ 1,5, Laws of Fla. The date of enactment fell after the assignment of mortgage, claimed by Eaton to be violative of § 817.535, and forming the basis of Eaton's statutory claim.[2]   Both the

---

[2] According to the amended complaint, "[Agents of BoNYM] caused to be recorded in the Official Records of (sic) Pinellas County, Florida at Book 6718, Page 1390, an Assignment of Mortgage, which purported to assign (the note and mortgage) to Defendant" (ECF No. 1–1 at 37).   The complaint goes on, "recording of the Assignment violated Fla. Stat. §§ 817.535(2)(a) and 817.54 and constituted a. . .felony. . ." *Id.*

United States and Florida Constitutions bar the enactment of *ex post facto* laws. *See* U.S. Const. Art I, § 10; Fla. Const. Article I, § 10.   Here, the purportedly fraudulent assignment of mortgage was recorded on May 10, 2011 (ECF No. 1–1 at 77).   Thus, violation of a yet to be enacted law cannot support a claim under § 772.102.   Eaton has not directly responded to this argument.   I find the argument well-taken.   Accordingly, despite the dismissal without prejudice, Eaton cannot state a cause of action for violation of Florida's Civil Remedies for Criminal Practices Act.

BoNYM next argues that the statutory action is barred by the five-year statute of limitations under § 772.17, Fla. Stat.   Assuming, then, that recording the assignment violated § 817.535, the statute of limitations expired five years after the recording, which would have been May of 2016.   Eaton was certainly aware of the assignment and its ramifications, as the foreclosure was brought in 2014, over five years before Eaton filed this suit.   Again, Eaton does not provide a direct response to BoNYM's point.   The expiration of the statute, whether it ran from the recording of the assignment, or from the date of the foreclosure action, would bar an attempt to refile under the Civil Remedies for Criminal Practices Act.

BoNYM also avers that Eaton's action is barred by the litigation privilege and by the rule regarding compulsory counterclaims.   The litigation privilege is but sparsely fleshed out (ECF No. 46 at 8), and I am not able to say this point has merit. In any event, the basis of Eaton's statutory claim appears to be the mortgage assignment rather than the foreclosure suit.   For purposes of entitlement to fees, the litigation privilege argument, assuming it is a separate point from the compulsory counterclaim contention, is not supported.

All of Eaton's claims, and certainly the claim for violation of Florida's Civil Remedies for Criminal Practices Act, relate directly to BoNYM's foreclosure action. Eaton could not have suffered the damage they claim but for the foreclosure. Accordingly, BoNYM says the present action is barred by the rules of compulsory counterclaims (ECF 46 at 8).   Federal Rule of Civil Procedure 13(a)(1) provides: "A pleading must state as a counterclaim any claim that—at the time of its service––the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; [and] (B) does not require adding another party over whom the court cannot acquire

jurisdiction."[3]   "A claim arises out of the same transaction or occurrence if there is a logical connection between the claims."   *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337, n. 6 (11th Cir. 1998).   Where "[t]he same loan transaction, mortgage, and residential property that are at issue here were the subject matter of the State Foreclosure Action..." a subsequent statutory claim by the borrower will be barred.   *Beepot v. J.P. Morgan Chase National Corporate Services, Inc.*, 57 F.Supp.3d 1358, 1371 (M.D. Fla. 2014).   Importantly, Eaton makes no direct argument in response to the compulsory counterclaim argument. BoNYM's point is well-taken and demonstrates that no independent action based upon the mortgage or mortgage assignment could be maintained.   Eaton's action is thus without substantial support in fact or law.   *See Orix Capital Mkts., LLC v. Park Ave. Assocs.*, 881 So. 2d 646, 650 (Fla. 1st DCA 2004) ("The primary consequence of a party's failure to assert a compulsory counterclaim is that such failure constitutes

---

[3] "Rule 1.170 of the Florida Rules of Civil Procedure (Florida Rule(s)) governs the determination of whether a particular counterclaim constitutes a compulsory counterclaim under Florida law. *See id*.   That Florida Rule, which incorporates Rule 13(a) of the Federal Rules of Civil Procedure into Florida law, provides:   '[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.' (Citations omitted)".   *Beepot v. J.P. Morgan Chase National Corporate Services, Inc.*, 57 F.Supp.3d 1358, 1370 (M.D. Fla. 2014).

a waiver of the [party's] right to recover on it."). Entitlement to fees has been demonstrated.

BoNYM is also entitled to fees under Fla. Stat. § 817.535(8)(c). Eaton has alleged as the basis for a violation of the Civil Remedies for Criminal Practices Act Fla. Stat. § 817.535(8), allowing a cause of action for persons impacted by a materially false, fictitious, or fraudulent statement or representation in an instrument recorded in the public records. Section 817.535(8)(c) provides "the prevailing party in such a suit is entitled to recover costs and reasonable attorney fees." As discussed above, and despite the dismissal without prejudice, I have found that BoNYM is the prevailing party because Eaton could not refile successfully. Accordingly, BoNYM is entitled to statutory fees.

Lastly, BoNYM seeks fees under portions of the mortgage. I am not persuaded by this argument, because Eaton does not bring the action under the mortgage, but as a result of the mortgage foreclosure. BoNYM's entitlement to contractual fees would only have been properly plead in the foreclosure action.

For the reasons stated in this Report, I have concluded that Eaton's claim has no substantial basis in fact or law.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the court **GRANT** Defendant "BoNYM's Motion for Entitlement to Attorneys' Fees" (ECF No. 46), for the reasons set out herein.

2.      That the court allow the parties a reasonable time to reach an agreement regarding the fee before requiring further proceedings as to amount.    Specifically, that within fourteen days of an order adopting this Report and Recommendation, lead counsel for the parties must confer in good faith in an effort to agree upon the amount of the fees to be awarded to Defendant.

3.      <u>That the court require the conference must be in person, by phone, or via video-teleconferencing</u>.

a.      That if an agreement is reached, the parties must file a joint statement so indicating and providing the amount agreed upon within twenty-one days of the date of an order adopting this Report and Recommendation (<u>the parties are strongly encouraged to reach an agreement as to the amount of fees</u>, so as not to consume any additional judicial resources on this case).

b.      That if no agreement is reached, Defendant must file declarations in the manner set forth in N.D. Fla. Loc. R. 54.1(E) within thirty days of the date of an order adopting this Report and Recommendation and thereafter the parties must comply with the additional directives set forth in Local Rule 54.1(F) & (G).

At Pensacola, Florida this <u>28</u><sup>th</sup> day of September 2021.


<u>/s/ Charles J. Kahn, Jr.</u>
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use</u> only <u>and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.